## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Pouth Phrasavang      *
7247 Beverly Park Drive
Springfield, VA 22150      *     Civil Action No.:

        Plaintiff      *

v.      *

Duetsche Bank c/o BGW      *
4520 East-West Highway
Bethesda, MD 20814      *

Select Portfolio Servicing, Inc.      *
P.O. Box 551170
Jacksonville, FL 32255      *

Encore Credit Corp.      *
1833 Alton Parkway
Irvine, CA 92606      *

Option One Mortgage      *
6501 Irvine Center Dr.
Irvine, CA 92618      *

        Defendants      *

*    *    *    *    *    *    *    *    *    *    *    *    *

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Option One Mortgage Corporation ("Option One"), with the consent of the other Defendants, notices removal of this civil action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. This Court has original jurisdiction over this matter and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

In further support of this Notice of Removal, Option One states as follows:

## I. Plaintiff's Complaint

1.     In "COUNT I:    VIOLATIONS OF HOME OWNERSHIP EQUITY PROTECTION ACT" of the Complaint, Plaintiff maintains that the Defendants violated the Home Ownership Equity Protection Act, 15 U.S.C. §§ 1639, *et seq.*, by "failing to make [a certain] disclosure in a conspicuous fashion,; engaging in a pattern and practice of extending credit to Plaintiff without regard to their ability to repay . . . ." (Compl., at ¶ 36).

2.     In "COUNT II: VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT," Plaintiff alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, by accepting "charges for the rendering of real estate services which were in fact charges for other than services actually performed." (Compl., at ¶ 42).

3.     In "COUNT III: VIOLATIONS OF FEDERAL TRUTH-IN-LENDING ACT" of the Complaint, Plaintiff avers a violation of Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* in that "Defendants failed to include and disclose certain charges shown on the TIL statements" and that "[s]uch undisclosed charges include a sum identified in the Settlement Statement listing the amount financed which is different from the sum on the original Note." (Compl., at ¶¶ 45 & 46).

4.     In "COUNT IV: VIOLATION OF FAIR CREDIT REPORTING ACT," Plaintiff asserts that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, by "wrongfully, improperly, and illegally report[ing] negative information as to the Plaintiff to one or more Credit Reporting Agencies, resulting in Plaintiff having negative information on their credit reports and the lowering of their FICO scores." (Compl., at ¶ 50).

5.    Thereafter, Plaintiffs sets out claims for "Violation of the District of Columbia Home Loan Protection Act of 2002," "Fraudulent Misrepresentation," "Breach of Fiduciary Duty," "Unjust Enrichment" and "Civil Conspiracy." (Compl., at ¶¶ 54 – 80).

## II. Removal Based On Federal Question Jurisdiction

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which reads as follows: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, law or treaties of the United States."

7.    Some of Plaintiff's claims are premised on violations of the Home Ownership Equity Protection Act, 15 U.S.C. §§ 1639, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* This Court has original jurisdiction over those federal claims.

## III. This Case Presents An Actual Case or Controversy

8.    Plaintiff's allegations create an Article III "case or controversy" supporting removal.

## IV. Removal Procedures

9.    Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10.    A copy of all process and pleadings putatively served upon or otherwise received by Option One is attached hereto as **Exhibit A**.

11.     Removal on federal question ground is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days from the date on which Option One received the Summons and Complaint.

12.     In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed promptly with the Clerk of the Superior Court of the District of Columbia and served upon all parties of record.

Respectfully submitted,

Patrick R. Buckler (MD 25943)
Adam M. Spence (DC 455836)
Spence & Buckler, P.C.
100 West Pennsylvania Avenue, Suite 301
Towson, Maryland 21204
Tel: 410-823-5003
Fax: 443-927-8905
pat@spencebucklerlaw.com
adam@spencebucklerlaw.com

Counsel for Option One Mortgage Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January 2009, a copy of the foregoing Notice of

Removal was mailed first class, postage prepaid, to:

>Jamison B. Taylor
>1218 11[th] Street, NW
>Washington, DC 20001
>
>Counsel for Plaintiff
>
>Matthew  Cohen
>Bierman, Geesing & Ward, LLC
>4520 East-West Highway, Suite 200
>Bethesda, MD  20814
>
>Counsel for Deutsche Bank and
>Select Portfolio Servicing, Inc.
>
>Barry J. Reingold
>Perkins Coie LLP
>607 Fourteenth St., NW
>Washington, DC 20005-2003
>
>Counsel for Encore Credit Corp.

Patrick R. Buckler

# Exhibit A

#7392416



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

S/R
12/1/09
Setter foot file

POUTH PHRASAVANG
Vs.                                                    C.A. No.        2008 CA 008105 B
DUETSCHE BANK C/O BGW

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge  Lee F. Satterfield

Case Assigned to:  Judge THOMAS J MOTLEY
Date:  November 14, 2008
Initial Conference: 9:30 am, Friday, February 13, 2009
Location:  Courtroom 112
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

OPTION ONE MORTGAGE CORP.
LEGAL DEPARTMENT

DEC 19 2008

DATE RECEIVED

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001  Telephone: 879-1133**

Pouty Phiasavang
7247 Beverly Park Dr.
Springfield, VA 22150    *Plaintiff*

vs.

Civil Action No.  0008105-08

Option One Mortgage    *Defendant*
6501 Irvine Center Dr.
Irvine, CA 92618

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Jamison B Taylor
Name of Plaintiff's Attorney

1215 11th St NW
Address
Washington DC 20001

202-253-3996
Telephone

By _____
Deputy Clerk

Date _____ NOV 14 2008

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

OPTION ONE MORTGAGE CORP
6501 IRVINE CENTER INDIANA

DEC 19 2008

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

DATE RECEIVED

CV(6)-456(May 03)

### Superior Court Of The District Of Columbia
### Civil Division



|  |  |
|---|---|
| Pouth Phrasavang<br>7247 Beverly Park Drive<br>Springfield, VA 22150<br><br>Plaintiff,<br>vs.<br><br>Duetsche Bank c/o BGW<br>4520 East-West Highway<br>Bethesda MD 20814<br><br>Select Portfolio Servicing, Inc.<br>P.O. Box 551170<br>Jacksonville, FL 32255<br><br>Encore Credit Corp.<br>1833 Alton Parkway<br>Irvine, CA 92606<br><br>Option One Mortgage<br>6501 Irvine Center Dr.<br>Irvine, CA 92618<br><br>Defendants | COMPLAINT FOR IMPROPER FORECLOSURE<br>FRAUD, DECLARATORY RELIEF, VIOLATIONS<br>OF STATE AND FEDERAL HOME LENDING<br>STATUTES, CONSPIRACY, AND OTHER RELIEF |

### COMPLAINT

Plaintiff sues Defendants for damages and other relief, and state:

#### Parties and Jurisdiction

1.     Plaintiff Pouth Phrasavang is of majority age and is a resident of the State of

Virginia residing at 7247 Beverly Park Drive, Springfield VA, 22150.  Plaintiff obtained

a mortgage for his property located at 1501 Webster St. NW, Washington, DC 20011

2.     Defendant Encore Credit Corp., at all times material hereto, engaged in the

business of effecting and soliciting consumer transactions within the District of Columbia

and originated the loan secured by Plaintiff's property located in Washington DC. Thus Defendant ENCORE is a "creditor" as defined by the Federal Truth In Lending Act (15 USC sec. 1602(f)). Defendant's principal place of business was located at 1833 Alton Parkway, Irvine CA 92606.

3.     Defendant OPTION ONE MORTGAGE CORPORATION ("OPTION ONE") is incorporated in the State of California with its principal place of business being located at 6501 Irvine Center Drive, Irvine, California 92618 and was a successor in interest of the subject property. At all times material hereto, Defendant OPTION ONE engaged in a continuous and systematic course of business within the District of Columbia and subject to the jurisdiction of this Court and amenable to being sued within this jurisdiction and venue.

4.     At all times material hereto, Defendant OPTION ONE was in an agency relationship with Defendant ENCORE and is thus liable for all acts committed by Defendant ENCORE. Defendant OPTION ONE was also, by virtue of its agency relationship with Defendant ENCORE, at all times material hereto engaged in the business of effecting and soliciting consumer transactions within the District of Columbia and is thus a "creditor" as defined by the Federal Truth In Lending Act (15 USC sec. 1602(f)).

5.     Defendant Select Portfolio Servicing Inc. ("Select") is the successor-in-interest to Defendant Option One relative to the mortgage which is part of the subject matter of this action.

6.     Defendant Duetsche Bank and their representative agents are the putative owners of the mortgage backed securities in which the mortgage secured by 1501 Webster St.

2

NW is an underlying asset. Duetsche Bank also initiated the foreclosure and eviction action regarding the subject property and has represented that it has a creditor interest in the property. See Case Number 2008 LTB 021441.

7.     The cause of action herein arose in the District of Columbia by virtue of a mortgage loan and related inter-temporal transactions associated therewith which concern the Plaintiffs' residential real estate located at 1501 Webster St. NW, Washington DC 20011.

8.     Venue of this action is proper within this Court as at least one named Defendant is subject to suit within this Court, and thus all Defendants are properly sued in this Court.

## Material Facts Common to All Counts

9.     On or about June 16, 2005, Plaintiff settled on a loan originated by Defendant ENCORE. The loan was secured by the property located at 1501 Webster St. NW, Washington DC 20011. The loan was an adjustable rate mortgage in the amount of $607,000.00 with a starting interest rate of 7.99 percent. The rate could be adjusted to as high as 14.99 percent.

10.     Defendant ENCORE failed to provide to Plaintiff either a Good Faith Estimate ("GFE") or an explanation of any prepayment penalties prior to the date that Plaintiff signed the Uniform Residential Loan Application or in a timely manner before closing.

11.     On or about June 16, 2005, Defendant ENCORE presented Plaintiff with a literal pile of loan documents at the closing. Plaintiff was directed to sign the loan documents without being given time to review them or suggest modifications.

12.     As a direct and proximate result of the failure to disclose the terms of the loan prior to closing, Defendant ENCORE, on or about June 16, 2005, placed Plaintiff into a sub-prime adjustable rate mortgage program with a two (2) year fixed rate and an adjustable rate every six months thereafter.

13.     The end result of the false and misleading representations and material omissions of Defendant ENCORE as to the true nature of the mortgage loan actually being processed, which said Defendant had actual knowledge was in direct conflict with the original Uniform Residential Loan Application, early TIL, fraudulently caused Plaintiff to execute predatory loan documents.

14.     At no time whatsoever did Defendant ENCORE ever advise Plaintiff that:

    a.   the mortgage loan being processed was not in their best interest;

    b.   the terms of the mortgage loan being processed were less favorable than the fixed-rate loan which Defendant qualified for;

    c.   that the adjustable rate mortgage loan was an inter-temporal transaction (transaction where terms, risks, or provisions at the commencement of the transaction differ at a later time) on which Plaintiffs had only qualified at the initial "teaser" fixed rate but had not and could not qualify for the loan once the interest rate terms changed after year 2;

    d.   that as a result of the change in interest rate after year 2 that Plaintiff would not be able to meet their financial obligations on the loan given their income and expense history previously provided to Defendant;

    e.   that Plaintiffs would likely be placed in a position of default, foreclosure, and deficiency judgment upon not being able to meet his increased loan

obligations once the fixed rate interest period expired and the adjustable rate applied;

f.  that the originating "lender", that being Defendant ENCORE, had no intention of retaining ownership interest in the mortgage loan or fully servicing same and in fact may have already presold the loan, prior to closing, to a third party mortgage aggregator;

g.  that the mortgage loan was actually intended to be repeatedly sold and assigned to multiple third parties, including one or more mortgage aggregators and investment bankers, for the ultimate purpose of bundling the Plaintiff's mortgage with hundreds or perhaps thousands of others as part of a companion, support, or other tranche in connection with the creation of a REMIC security known as a Collateralized Mortgage Obligation ("CMO"), also known as a "mortgage-backed security" to be sold by a securities firm;

h.  that the mortgage instrument and Promissory Note may be sold, transferred, or assigned separately to separate third parties so that the later "holder" of the Promissory Note may not be in privity with or have the legal right to foreclose in the event of default;

i.  that in connection with the multiple down line resale and assignment of the mortgage and Promissory Note that assignees or purchasers of the Note may make "paydowns" against the Note which may effect the true amount owed by the Plaintiffs on the Note;

j.  that a successive assignee or purchaser of the Note and Mortgage may not, upon assignment or purchase, unilaterally impose property insurance requirements different from those imposed as a condition of the original loan (also known as prohibition against increased forced-placed coverage) without the Plaintiff's prior notice and consent;

15.   Prior to the closing, Defendant ENCORE failed to provide to Plaintiff the preliminary disclosures required by the Truth-In-Lending Act pursuant to 12 CFR (also known as and referred to herein as "Regulation Z") sec. 226.17 and 18, and failed to provide the preliminary disclosures required by the Real Estate Settlement Procedures Act ("RESPA") pursuant to 24 CFR sec. 3500.6 and 35007, otherwise known as the GFE.

16.   Defendant ENCORE also intentionally failed and/or refused to provide Plaintiff with various disclosures which would indicate to the Plaintiff that the consumer credit contract entered into was void, illegal, and predatory in nature.

17.   Defendants failed and/or refused to provide a HUD-1 Settlement Statement at the closing which reflected the true cost of the consumer credit transaction. As Defendants failed to provide an accurate GFE or Itemization of Amount Financed ("IOAF"), there was no disclosure of a Yield Spread Premium ("YSP", which is required to be disclosed by the Truth-In-Lending Act) and thus no disclosure of the true cost of the loan.

18.   As a direct and proximate result of these failures to disclose as required by the Truth-In–Lending Act, Defendant ENCORE received a YSP without preliminary disclosure, which is a *per se* violation of 12 CFR sec. 226.4(a), 226.17 and 18(d) and (c)(1)(iii). The YSP raised the interest rate which was completely unknown to or approved by the Plaintiffs, as they did not received the required GFE or IOAF.

19.     The Amount Financed within the TIL is also understated, which is a material violation of 12 CFR sec. 226.17 and 18, in addition to 15 USC sec. 1602(u), as the Amount Financed must be completely accurate with no tolerance.

20.     Defendants were under numerous legal obligations as fiduciaries and had the responsibility for overseeing the purported loan consummation to insure that the consummation was legal, proper, and that Plaintiff received all legally required disclosures pursuant to the Truth-In-Lending Act and RESPA both before and after the closing.

21.     Plaintiff, not being in the consumer lending, mortgage broker, or residential loan business, reasonably relied upon the Defendants to insure that the consumer credit transaction was legal, proper, and complied with all applicable laws, rules, and Regulations.  Moreover, Plaintiff's age and health challenges placed him at a disadvantage in understanding the transaction.

22.     At the closing, Plaintiff executed Promissory Notes and Security Agreements in favor of Defendant ENCORE.

23.     At some time there after, OPTION ONE became the servicer of the loan at issue.

24.     During the life of the mortgage loan, Defendants engaged in a pattern and practice of defrauding Plaintiff that, Defendants failed to properly credit payments made; incorrectly calculated interest on the accounts; and have failed to accurately debit fees. At all times material, Defendants had actual knowledge that the Plaintiff's accounts were not accurate but that Plaintiff would make further payments based on Defendants' inaccurate accounts.

25.     Defendants also utilized amounts known to the Defendants to be inaccurate to determine the amount allegedly due and owing for purposes of foreclosure.

26.     Defendants' violations were all material in nature under the Truth-In-Lending Act. Said violations, in addition to the fact that Plaintiff did not receive two (2) Notices of Right to Cancel, constitute violations of 15USC sec. 1635(a) and (b) and 12 CFR sec. 226.23(b), and are thus a legal basis for and legally extend Plaintiffs' right to exercise the remedy of rescission.

27.     On information and belief, Defendant ENCORE assigned the Note and Mortgage to Defendant OPTION ONE, which did not take these instruments in good faith or without notice that the instruments were invalid or that Plaintiffs had a claim in recoupment.

28.     Defendant OPTION ONE is not a holder in due course and is thus liable to Plaintiffs to the same extent as Defendant ENCORE. OPTION ONE subsequently transferred the servicing of the mortgage to Defendant Select Portfolio. However, in violation RESPA, The Defendants failed to give the Plaintiff proper notice of the transfer.

29.     Deutsch Bank, as Trustee for Certificate Holders Asset-Backed Certificate series, instituted foreclosure proceedings and eventually filed a eviction proceedings in the Landlord Tenant division of the District of Columbia Superior Court against the Plaintiff and the tenant of the subject property James Pegram. Case Number 2008 LTB 021441.

### Claims for Relief

## COUNT I: VIOLATIONS OF HOME OWNERSHIP EQUITY PROTECTION ACT

30.     Plaintiff reaffirms and realleges paragraphs 1 through 29 hereinabove as if set forth more fully herein below.  In 1994, Congress enacted the Home Ownership Equity Protection Act

31.     ("HOEPA") which is codified at 15 USC sec. 1639 et seq. with the intention of protecting homeowners from predatory lending practices targeted at vulnerable consumers. HOEPA requires lenders to make certain defined disclosures and prohibits certain terms from being included in home loans. In the event of noncompliance, HOEPA imposes civil liability for rescission and statutory and actual damages.

32.     Plaintiff is a "consumers" and each Defendant is a "creditor" as defined by HOEPA. In the mortgage loan transaction at issue here, Plaintiff was required to pay excessive fees, expenses, and costs.

33.     Pursuant to HOEPA and specifically 15 USC sec. 1639(a)(1), each Defendant is required to make certain disclosures to the Plaintiffs which are to be made conspicuously and in writing no later than three (3) days prior to the closing.

34.     In the transaction at issue, Defendants were required to make the following disclosure to Plaintiff by no later than three (3) days prior to June 16, 2005:

35.     "You are not required to complete this agreement merely because you
        have received these disclosures or have signed a loan application. If
        you obtain this loan, the lender will have a mortgage on your home.
        You could lose your home and any money you have put into it, if you
        do not meet your obligation under the loan."

36.     Defendants violated HOEPA by numerous acts and material omissions, including but not limited to:

9

failing to make the foregoing disclosure in a conspicuous fashion; engaging in a pattern and practice of extending credit to Plaintiff without regard to their ability to repay in violation of 15 USC sec. 1639(h).

37.     By virtue of the Defendants' multiple violations of HOEPA, Plaintiff has a legal right to rescind the consumer credit transaction the subject of this action pursuant to 15 USC sec. 1635. This Complaint is to be construed, for these purposes, as formal and public notice of Plaintiff's Notice of Rescission of the mortgage and note.

38.     Defendants further violated HOEPA by failing to make additional disclosures, including but not limited to Plaintiff not receiving the required disclosure of her right to rescind the transaction; the failure of Defendants to provide an accurate TILA disclosure; and the amount financed being understated.

39.     As a direct consequence of and in connection with Plaintiff's legal and lawful exercise of their right of rescission, the true "lender" is required, within twenty (20) days of this Notice of Rescission, to:

> desist from making any claims for finance charges in the transaction; return all monies paid by Plaintiffs in connection with the transaction to the Plaintiffs; satisfy all security interests, including mortgages, which were acquired in the transaction.

40.     Upon the true "lenders" full performance of its obligations under HOEPA, Plaintiffs shall tender all sums to which the true lender is entitled. Based on Defendants' HOEPA violations, each of the Defendants is liable to the Plaintiffs for the following, which Plaintiffs demand as relief:

rescission of the mortgage loan transactions; termination of the mortgage and security interest in the property the subject of the mortgage loan documents created in the transaction; return of any money or property paid by the Plaintiffs including all payments made in connection with the transactions; an amount of money equal to twice the finance charge in connection with the transactions; relinquishment of the right to retain any proceeds; and actual damages in an amount to be determined at trial, including attorneys' fees.

## COUNT II: VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT

41.     Plaintiff reaffirms and realleges paragraphs 1 through 40 herein as if specifically set forth more fully herein below.  As mortgage lenders, Defendants are subject to the provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 USC sec. 2601 et seq.

42.     In violation of 12 USC sec. 2607 and in connection with the mortgage loan to Plaintiff, Defendants accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed.

43.     As a result of the Defendants' violations of RESPA, Defendants are liable to Plaintiffs in an amount equal to three (3) times the amount of charges paid by Plaintiffs for "settlement services" pursuant to 12 USC sec. 2607(d)(2).

## COUNT III: VIOLATIONS OF FEDERAL TRUTH-IN-LENDING ACT

44.     Plaintiff reaffirms and realleges paragraphs 1 through 43 hereinabove as if set forth more fully herein below.

45.     Defendants failed to include and disclose certain charges in the finance charge shown on the TIL statement, which charges were imposed on Plaintiff incident to the extension of credit to the Plaintiff and were required to be disclosed pursuant to 15 USC sec. 1605 and Regulation Z sec. 226.4, thus resulting in an improper disclosure of finance charges in violation of 15 USC sec. 1601 et seq., Regulation Z sec. 226.18(d). Such undisclosed charges include a sum identified on the Settlement Statement listing the amount financed which is different from the sum listed on the original Note.

46.     By calculating the annual percentage rate ("APR") based upon improperly calculated and disclosed amounts, Defendants are in violation of 15 USC sec. 1601 et seq., Regulation Z sec. 226.18(c), 18(d), and 22.

47.     Defendants' failure to provide the required disclosures provides Plaintiffs with the right to rescind the transaction, and Plaintiffs, through this public Complaint which is intended to be construed, for purposes of this claim, as a formal Notice of Rescission, hereby elect to rescind the transaction.

## COUNT IV: VIOLATION OF FAIR CREDIT REPORTING ACT

48.     Plaintiff reaffirms and realleges paragraphs 1 through 47 above as if set forth more fully herein below.

49.     At all times material, Defendants qualified as a provider of information to the Credit Reporting Agencies, including but not limited to Experian, Equifax, and TransUnion, under the Federal Fair Credit Reporting Act.

50.     Defendants wrongfully, improperly, and illegally reported negative information as to the Plaintiff to one or more Credit Reporting Agencies, resulting in Plaintiff having negative information on their credit reports and the lowering of their FICO scores.

51.     Pursuant to 15 USC sec. 1681(s)(2)(b), Plaintiff are entitled to maintain a private

cause of action against Defendants for an award of damages in an amount to be proven at

the time of trial for all violations of the Fair Credit Reporting Act which caused actual

damages to Plaintiff, including emotional distress and humiliation.

52.     Plaintiff is entitled to recover damages from Defendants for negligent non-

compliance with the Fair Credit Reporting Act pursuant to 15 USC sec. 1681(o).

53.     Plaintiff is also entitled to an award of punitive damages against Defendants for

their willful noncompliance with the Fair Credit Reporting Act pursuant to 15 USC sec.

1681(n) (a) (2) in an amount to be proven at time of trial.

**COUNT V: Violation of the District of Columbia Home Loan Protection Act of 2002**

54.     Plaintiff reaffirms and realleges paragraphs 1 through 53 above as if set forth

more fully herein below.

55.     The Home Loan Protection Act, D.C Code section 26-1110 ("Act"), protects

consumers from predatory and improper lending practices. In particular, the Act prohibits

charges in bad faith.  In part, the Act indicates that loan discount points charged which

are not bona fide discount points constitutes bad faith. See section 210 of the Act.

56.     Defendants have violated many provisions of the Act.  Including but not limited

to the failure to provide the disclosure notice under section 211 of the Act; Filing

requirements of section 221 of the Act; and improper licensure of the mortgage broker.

57.     In providing various advices, mortgage brokerage services, lending services, and

otherwise through its relations and communications with Plaintiff, Defendants are subject

to the provisions of the ACT.

58.    In violation of the ACT, Defendants have committed unfair, deceptive, and unconscionable acts and practices in connection with the consumer transaction the subject of this action, including but not limited to:

    a.    taking advantage of Plaintiffs' inability to protect their interests because of their inability to fully understand the terms of the transactions due to the numerous failures of the Defendants to disclose material information; altering of material terms; and misrepresentation of the terms of the transaction;

    b.    charging Plaintiff an excessive price for the services rendered;

    c.    rendering services to Plaintiff with the knowledge that there was no reasonable probability of repayment of the obligations in full by Plaintiff; and

59.    Pursuant to the ACT, Defendants are liable to Plaintiffs for each violation of the ACT.

## COUNT VI: FRAUDULENT MISREPRESENTATION

60.    Plaintiff reaffirms and realleges paragraphs 1 through 59 hereinabove as if set forth more fully herein below.

61.    Defendants knowingly and intentionally concealed material information from Plaintiff which is required by Federal Statutes and Regulations to be disclosed to the Plaintiff both before and at the closing.

62.    Defendants also materially misrepresented material information to the Plaintiff with full knowledge by Defendants that their affirmative representations were false, fraudulent, and misrepresented the truth at the time said representations were made.

14

63.     Under the circumstances, the material omissions and material misrepresentations of the Defendants were malicious.

64.     Had Plaintiff known of the falsity of Defendants' representations, Plaintiff would not have entered into the transaction that is the subject of this action.

65.     As a direct and proximate cause of the Defendants' material omissions and material misrepresentations, Plaintiff have suffered damages.

## COUNT VII: BREACH OF FIDUCIARY DUTY

66.     Plaintiff reaffirms and realleges paragraphs 1 through 1-65 hereinabove as if set forth more fully herein below.

67.     Defendants, by their actions in contracting to provide mortgage loan services and a loan program to Plaintiff which was not only to be best suited to the Plaintiff given their income and expenses but by which Plaintiffs would also be able to satisfy his obligations without risk of losing their home, were "fiduciaries" in which Plaintiff reposed trust and confidence.

68.     Defendants breached their fiduciary duties to the Plaintiff by fraudulently inducing Plaintiff to enter into a mortgage transaction which was contrary to the Plaintiff's interests; and contrary to the Plaintiff's preservation of his home.

69.     As a direct and proximate result of the Defendants' breaches of their fiduciary duties, Plaintiff have suffered damages.

70.     Under the totality of the circumstances, the Defendants' actions were willful, wanton, intentional, and with a callous and reckless disregard for the rights of the Plaintiff justifying an award of not only actual compensatory but also exemplary punitive

damages to serve as a deterrent not only as to future conduct of the named Defendants herein, but also to other persons or entities with similar inclinations.

## COUNT VIII: UNJUST ENRICHMENT

71.    Plaintiff realleges and reaffirms paragraphs 1 through 70 hereinabove as if set forth more fully herein below.

72.    Defendants had an implied contract with the Plaintiff to ensure that Plaintiff understood all fees which would be paid to the Defendants to obtain credit on Plaintiff's behalf and to not charge any fees which were not related to the settlement of the loan and without full disclosure to Plaintiff.

73.    Defendants had full knowledge that a "bait and switch" adjustable rate predatory mortgage with an increase in the interest rate due to the YSP paid to the Broker for the "up sell" was not in the Plaintiff's best interests.

74.    Defendants cannot, in good conscience and equity, retain the benefits from their actions of charging a higher interest rate and YSP fee unrelated to the settlement services provided at closing.

75.    Defendants have been unjustly enriched at the expense of the Plaintiff, and maintenance of the enrichment would be contrary to the rules and principles of equity.

76.    Plaintiff thus demands restitution from the Defendants in the form of actual damages, exemplary damages, and attorneys' fees.

## COUNT IX: CIVIL CONSPIRACY

77.    Plaintiff reaffirms and realleges paragraphs 1 through 76 hereinabove as if set forth more fully herein below.

78.     In connection with the application for and consummation of the mortgage loan the subject of this action, Defendants agreed, between and among themselves, to engage in actions and a course of conduct designed to further an illegal act or accomplish a legal act by unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to defraud the Plaintiff.

79.     Defendants agreed between and among themselves to engage in the conspiracy to defraud for the common purpose of accruing economic gains for themselves at the expense of and detriment to the Plaintiff.

80.     The actions of the Defendants were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of the Plaintiff.  As a direct and proximate result of the actions of the Defendants in combination resulting in fraud and breaches of fiduciary duties, Plaintiff has suffered damages.  Plaintiff thus demands an award of actual, compensatory, and punitive damages.

## RELIEF SOUGHT

WHEREFORE, having set forth numerous legally sufficient causes of action, Plaintiff prays for the entry of Final Judgment against all Defendants jointly and severally and; that the foreclosure which was instituted be vacated and that the eviction proceedings dismissed, and that further proceedings in connection with the foreclosure be enjoined. Additionally, Plaintiff requests:

A.     An Order declaring that Defendants' actions as described above are in violation of the statutes and regulations set forth above;

17

B.   An Order declaring that Defendants have engaged in a pattern or practice of extending credit to consumers based on the consumers' collateral without regard to the consumers' repayment ability;

C.   An Order enjoining Defendants from continuing to engage in the illegal, unfair and deceptive practices described above;

D.   An Order releasing all funds paid into the Court registry to Plaintiff;

F.   All relief set forth above following each individual Count asserted by the Plaintiff;

G.   Treble damages;

H.   Statutory damages;

I.   Attorneys' fees and costs; and

J.   Such other relief at law or equity as the Court may deem just and proper.


Respectfully Submitted,

Jamison B. Taylor
Bar # 457280
1218 11th St. NW
Washington, DC 20001

Phone: 202-253-3996
Fax:   202-842-3331

18

### Certificate of Service

I hereby certify that on November 14, 2008, I mailed a copy of the foregoing

Complaint by United States Postal Service to the following:


Duetsche Bank c/o BGW
4520 East-West Highway
Bethesda MD 20814

Select Portfolio Servicing, Inc.
P.O. Box 551170
Jacksonville, FL 32255

Encore Credit Corp.
1833 Alton Parkway
Irvine, CA 92606

Option One Mortgage
6501 Irvine Center Dr.
Irvine, CA 92618

Jamison B. Taylor