**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| POUTH PHRASAVANG, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-0064 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 10, 12, 14 |
| | : | | |
| DEUTSCHE BANK c/o BGW *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

<u>**MEMORANDUM OPINION**</u>

**GRANTING OPTION ONE AND ENCORE'S PARTIAL MOTIONS TO DISMISS;
GRANTING IN PART AND DENYING IN PART DEUTSCHE BANK AND SPS'S MOTION TO DISMISS;
DISMISSING COUNTS II, IV AND VIII *SUA SPONTE* AS TO OPTION ONE;
DISMISSING COUNTS II AND IV *SUA SPONTE* AS TO ENCORE**

## I. INTRODUCTION

This matter comes before the court on the defendants' motions to dismiss.  The plaintiff,

Pouth Phrasavang, owned a property located in the District of Columbia upon which defendant

Deutsche Bank initiated foreclosure and eviction proceedings.  The plaintiff's complaint focuses

on events surrounding the loan transaction through which the plaintiff purchased the property, as

well as the subsequent servicing of the loan.  Defendant Encore Credit Corporation ("Encore")

originated the loan secured by the property.  Defendant Option One Mortgage Corporation

("Option One") was then appointed as Encore's loan servicer, followed by defendant Select

Portfolio Servicing, Inc. ("SPS").  Ownership of the promissory note was then transferred to

Deutsche Bank.  The plaintiff seeks actual damages, punitive damages and declaratory relief

under numerous legal theories discussed below.

The defendants now move to dismiss the complaint.  For the reasons explained below, the

court grants Encore and Option One's partial motions to dismiss, grants in part and denies in part

Deutsche Bank and SPS's joint motion to dismiss and dismisses additional remaining claims contained in the plaintiff's complaint *sua sponte*.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff alleges the following facts in his complaint, which the court treats as true at this stage of the proceedings.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). On June 16, 2005, the plaintiff obtained a loan from Encore.  Compl. ¶ 9.  The plaintiff claims that at the closing, he was given a "pile of loan documents . . . without being given time to review them or suggest modifications."  *Id.* ¶ 11.  As a result of his inability to review the documents, the plaintiff asserts, he entered into a "sub-prime adjustable rate mortgage."  *Id.* ¶ 12. In addition, the plaintiff alleges that Encore failed to make numerous disclosures it was required to make.  *Id.* ¶ 14.  At some point following the closing, Option One became the servicer of the loan.  *Id.* ¶ 23.  That company, the plaintiff claims, did "not take [the loan] instruments in good faith."  *Id.* ¶ 27.  The loan was later transferred to SPS, a fact of which the plaintiff claims he was not notified.  *Id.* ¶ 28.  Eventually, Deutsche Bank instituted foreclosure and eviction proceedings in the Landlord/Tenant division of the Superior Court of the District of Columbia.  *Id.* ¶ 29.

The plaintiff alleges that the defendants defrauded him by not crediting his payments, incorrectly calculating the interest on the loan and erroneously debiting fees from his payments. *Id.* ¶ 24.  These miscalculations, the plaintiff claims, gave rise to the determination that he had defaulted on his loan obligations and that his property should be foreclosed upon.  *Id.* ¶ 25. Furthermore, the plaintiff alleges that the defendants knew that the accounting for the loan was inaccurate.  *Id.*

The plaintiff commenced this action in the Superior Court of the District of Columbia on November 14, 2008, and the action was timely removed to this court on January 12, 2009.  *See generally* Compl.  The complaint alleges violations of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1639 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the District of Columbia Home Loan Protection Act, D.C. Code §§ 26-1151 *et seq.*, as well as fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment and civil conspiracy.  *See generally* Compl.  Before the court are the partial motions to dismiss filed by Option One and Encore, a joint motion to dismiss filed by Deutsche Bank and SPS and the plaintiff's oppositions thereto.  The court now turns to the defendants' motions.

## III.  ANALYSIS

### A.  Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp.*

*of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)).  "A claim that the court lacks jurisdiction under Article III of the Constitution may not be waived, since the jurisdiction at issue goes to the foundation of the court's power to resolve a case, and the court is obliged to address it *sua sponte*."  *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996).  The plaintiff bears the burden of establishing that the court has subject-matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for Rule 12(b)(6) motion for failure to state a claim.  *Macharia*, 334 F.3d at 64, 69; *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  Moreover, the court is not limited to the allegations contained in the complaint.  *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).  Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings.  *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B.  Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial

procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (affirming that "a complaint needs *some* information about the circumstances giving rise to the claims").  While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555, 557.  In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor.  *Macharia*, 334 F.3d at 64, 67; *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242.  While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

**C.  The Court Grants Option One and Encore's Partial Motions to Dismiss, Grants in Part and Denies in Part Deutsche Bank and SPS's Motion to Dismiss, Dismisses Counts II, IV and VIII as to Option One and Dismisses Counts II and IV as to Encore**

**1.  The Court Dismisses Count I as to All Defendants Under Rule 12(b)(6)**

Count I of the complaint alleges that the defendants violated HOEPA by failing to make a required disclosure and extending credit to the plaintiff without regard to his ability to repay. Compl. ¶¶ 34-36.  The plaintiff seeks rescission of the credit transaction, *see id.* ¶ 37, and damages, *see id.* ¶ 40.  Option One argues that HOEPA does not apply to the mortgage loan at issue because it falls under the "residential mortgage transaction" exception set forth in 15 U.S.C. § 1602(aa)(1).  Option One's Mot. at 5.  Encore makes a similar argument and adds that the plaintiff's loan is excluded from HOEPA's protections because the property securing it was not his "principal dwelling."  Encore's Mot. at 5-6.  Deutsche Bank and SPS assert that the plaintiff's HOEPA claim is time-barred.  *See* Deutsche Bank's Mot. at 8.  Because the plaintiff fails to respond to any of these arguments in his oppositions, *see generally* Pl.'s Opp'n to Option One's Mot.; Pl.'s Opp'n to Encore's Mot.; Pl.'s Opp'n to Deutsche Bank's Mot, the court treats them as conceded, *see FDIC v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997) (noting that arguments not addressed in an opposition brief may be treated as conceded); *accord Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

**2.  The Court Dismisses Count II as to All Defendants Under Rule 12(b)(1)**

The plaintiff claims that the defendants violated RESPA by "accept[ing] charges for the rendering of real estate services which were in fact charges for other than services actually performed," Compl. ¶¶ 41-42, and seeks damages "equal to three . . . times the amount of charges paid by [the plaintiff] for 'settlement services,'" *id.* ¶ 43.  Deutsche Bank and SPS move to

dismiss on the grounds that the plaintiff has not sufficiently pleaded a cause of action under RESPA because he has failed to allege specific facts supporting his claim.[1]  *See* Deutsche Bank's Mot. at 3.  Further, Deutsche Bank and SPS argue that the plaintiff "acknowledges that neither Deutsche Bank nor SPS took any part in the subject real estate settlement."  *Id.* at 4.  Lastly, Deutsche Bank and SPS assert that the RESPA claim is time-barred.  *Id.*

The plaintiff responds by arguing that the "Defendant[s] [are] on notice as to the claims that the plaintiff alleges" and that he is unable to plead with greater specificity until he may "thoroughly examine the records and procedures engaged in by the lender in originating and servicing" the loan.  Pl.'s Opp'n to Deutsche Bank's Mot. at 3.  Further, the plaintiff argues that the fact that the fees for the loan were so exorbitant suggests that the defendants violated RESPA.  *Id.* at 3-4.  The plaintiff also asserts that the action is not time-barred because the statute of limitations should be tolled between November 26, 2007 and the date that he was made aware of the alleged violation of RESPA.[2]  *Id.* at 4.  Specifically, the plaintiff avers that he sent SPS a "qualified written request" seeking information as to the "holder of the mortgage and . . . the debt owed."  *Id.*  Because he did not receive a response to this request, the plaintiff maintains, he was not "made aware that [a] violation [had] occurred" and therefore the statute of limitations should be tolled.  *Id.*

The three-year statute of limitations requirement under RESPA, codified at 12 U.S.C. § 2614, is jurisdictional, and therefore is not subject to equitable tolling.  *See Hardin v. City Title*

---

[1]     Encore and Option One do not move to dismiss this count.  *See generally* Option One's Mot.; Encore's Mot.

[2]     The plaintiff does not specify when he was made aware of the alleged violation of RESPA.  *See generally* Compl.; Pl.'s Opp'n to Deutsche Bank's Mot.

7

*& Escrow Co.*, 797 F.2d 1037, 1039-41 (D.C. Cir. 1986) (holding that dismissal for lack of jurisdiction, without considering the plaintiff's allegation of fraudulent concealment, was appropriate given that the plaintiff filed a RESPA action three years and two months after settlement).  It is clear from the face of the complaint that more than three years elapsed between the settlement on June 16, 2005, *see* Compl. ¶ 9, and the filing of this action in the Superior Court on November 14, 2008, *see id.* at 1.  Therefore, the court grants Deutsche Bank and SPS's motion to dismiss this count as to them, and dismisses this count *sua sponte* as to the remaining defendants, pursuant to Rule 12(b)(1).  *See Smith v. United States*, 475 F. Supp. 2d 1, 15 (D.D.C. 2006) (dismissing case *sua sponte* under Rule 12(b)(1) for lack of subject matter jurisdiction).

### 3. The Court Dismisses Count III as to All Defendants Under Rule 12(b)(1)

The plaintiff claims that the defendants violated TILA by "calculating the annual percentage rate [for the loan at issue] based on improperly calculated and disclosed amounts." Compl. ¶ 46.  The plaintiff seeks rescission of the loan transaction, *see id.* ¶ 12, as well as statutory damages, *see id.* ¶ H.  The defendants argue that the claim is time-barred.[3]  *See* Option One's Mot. at 6-7; Encore's Mot. at 11;[4] Deutsche Bank's Mot. at 4-5.  The plaintiff does not respond to this argument, nor does he make any other assertions with respect to this claim.  *See*

---

[3]     Because TILA's limitations period implicates this court's jurisdiction, *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1039 (D.C. Cir. 1986), the defendants improperly asserted this argument in a 12(b)(6) motion, rather than a motion under Rule 12(b)(1).  The court therefore construes this argument as one brought under Rule 12(b)(1).  *See, e.g.*, *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 501 F. Supp. 2d 34, 38 n.3 (D.D.C. 2007) (treating a 12(b)(6) motion as a 12(b)(1) motion).

[4]     Defendant Encore also argues that the plaintiff does not properly bring a cause of action under TILA because the loan at issue was not secured by the plaintiff's "principal dwelling."  Encore's Mot. at 10-11.  But because the court grants the defendants' motions to dismiss Count III on jurisdictional grounds, it declines to address this issue.

*generally* Pl.'s Opp'n to Encore's Mot.; Pl.'s Opp'n to Option One's Mot.; Pl.'s Opp'n to

Deutsche Bank's Mot.

TILA's limitations requirement, codified at 15 U.S.C. § 1640(e), is jurisdictional and is

therefore not subject to equitable tolling. *See Hardin*, 797 F.2d at 1039. A cause of action under

TILA begins to accrue at the time of the violation. *See* 15 U.S.C. § 1640(e) (stating that "[a]ny

action under this section may be brought . . . within one year from the date of the occurrence of

the violation"); *see also Blue v. Fremont Inv. & Loan*, 562 F. Supp. 2d 33, 43 (D.D.C. 2008). A

one-year limitations period applies to claims seeking monetary damages, *Blue*, 562 F. Supp. 2d at

43, whereas a plaintiff seeking rescission must bring an action within three years of the violation

or before the home is sold, whichever is first, *id.* It is clear from the face of the complaint that

the plaintiff has failed to meet the filing deadline under TILA, as over three years elapsed from

the date of closing on June 16, 2005 until the plaintiff filed the complaint on November 14, 2008.

Therefore, the court dismisses the plaintiff's TILA claim for lack of subject matter jurisdiction.

### 4. The Court Dismisses Count IV as to All Defendants Under Rule 12(b)(6)

In Count IV of the complaint, the plaintiff alleges that the defendants violated FCRA by

"wrongfully, improperly, and illegally report[ing] negative information as to the Plaintiff to one

or more Credit Reporting Agencies, resulting in the Plaintiff having negative information on [his]

credit reports and the lowering of [his] FICO scores." Compl. ¶ 50. The plaintiff seeks actual

and punitive damages. *Id.* ¶¶ 51-53. Deutsche Bank and SPS move to dismiss this count for

failure to state a claim.[5] *See* Deutsche Bank's Mot. at 5. Specifically, they argue that the

complaint is deficient because it fails to allege that "either Deutsche Bank or SPS reported any

---

[5]    Encore and Option One do not move to dismiss this count. *See generally* Encore's Mot.; Option One's Mot.

credit information with actual knowledge of errors, that they were put on notice of any alleged
inaccurate credit information, or that they failed to conduct a reasonable investigation thereof."
*Id.* Further, Deutsche Bank and SPS assert that the plaintiff has not pleaded any specific
information concerning the reporting of any credit information, such as its content and when and
to whom it was made. *Id.* The plaintiff responds that because he "requested an accounting of his
loan" in November 2007 and never received a response, the defendants "knowingly continued to
report negative information on [the plaintiff's] credit report without confirming its accuracy."
Pl.'s Opp'n to Deutsche Bank's Mot. at 5.

To prevail on a FCRA claim under 15 U.S.C. § 1681s-2(b), a plaintiff must "[notify] the
[consumer reporting] agency directly" of disputed credit information, and that agency in turn
must provide notice to the furnisher of the plaintiff's credit information, which is then obligated
to conduct an investigation into the dispute. 15 U.S.C. § 1681i; *see also Nelson v. Chase
Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (explaining that 15 U.S.C. §
1681s-2(b) functions by "making [a] disputatious consumer notify a CRA and setting up the
CRA to receive notice of the investigation by the furnisher"). The plaintiff fails to allege that he
notified any consumer reporting agency of the "wrongfully, improperly, and illegally reported

negative information" that he claims the defendants provided.[6]  *See* Compl. ¶¶ 48-53.  Therefore, the court grants Deutsche Bank and SPS's motion to dismiss Count IV and dismisses Count IV *sua sponte* as to the remaining defendants.[7]

### 5.  The Court Dismisses Count V as to Encore, Deutsche Bank and SPS Under Rule 12(b)(6)

In Count V, the plaintiff claims that the defendants violated the District of Columbia Home Loan Protection Act by failing to disclose certain information required under the Act, not fulfilling filing requirements and "improper[ly] licens[ing] the mortgage broker."  Compl. ¶ 56. Furthermore, the plaintiff makes various allegations concerning the defendants' "unfair, deceptive, and unconscionable acts and practices in connection with the consumer transaction" in violation of the Act.  *Id.* ¶ 58.  Defendant Encore moves to dismiss this count, arguing that the Act only applies to loans secured by the borrower's principal dwelling.[8]  *See* Encore's Mot. at 12.

---

[6]    In his opposition to Deutsche Bank and SPS's motion to dismiss the FCRA claim, the plaintiff argues that the defendants were on notice of the dispute because he "requested an accounting of his loan on November 26, 2007 and was not provided with it."  Pl.'s Opp'n to Deutsche Bank's Mot. at 5.  This fails to advance the plaintiff's position with respect to the FCRA claim for two reasons.  First, the "qualified written request" to which he refers was sent to SPS, not a consumer reporting agency, and therefore does not satisfy the pleading requirements under FCRA.  *See Alam v. Sky Recovery Servs., Ltd.*, 2009 WL 693170, at *3 (S.D. Tex. Mar. 13, 2009) (stating that "[u]nder the FCRA, a furnisher of information may be liable under 15 U.S.C. § 1681s-2(b) only if the plaintiff pleads and proves that the furnisher was notified by a consumer reporting agency – *not merely by the consumer* – of the disputed debt") (emphasis added) (citing *Young v. Equifax Credit Info. Servs. Inc.*, 294 F.3d 631, 639-40 (5th Cir. 2002)).  Second, the fact that the plaintiff requested information is not properly before the court because he failed to allege it in his complaint.  *See Hastings v. Judicial Conference of the U.S.*, 829 F.2d 91, 106 n.63 (D.C. Cir. 1987) (holding that allegations concerning a separate suit were not properly before the court where the plaintiff did not mention the suit in his complaint).

[7]    Although Encore and Option One do not move to dismiss Count IV, the same deficiencies that Deutsche Bank and SPS identify cause that count to fail with respect to the remaining defendants as well.  *See Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that it is appropriate to dismiss *sua sponte* pursuant to Rule 12(b)(6) where "it is patently obvious that [the plaintiff] could not have prevailed on the facts alleged in [the] complaint").

[8]    Option One does not move to dismiss this count.  *See generally* Option One's Mot.

Similarly, Deutsche Bank and SPS argue that the loan at issue is not a "covered loan" within the meaning of the Act because it is not secured by the plaintiff's principal dwelling and because the plaintiff does not allege that the discount points and fees exceeded five percent of the total loan amount. Deutsche Bank's Mot. at 6. The plaintiff does not respond to any of these arguments. *See generally* Pl.'s Opp'n to Encore's Mot.; Pl.'s Opp'n to Deutsche Bank's Mot. Therefore, the court treats them as conceded and grants Encore, Deutsche Bank and SPS's motions to dismiss Count V. *See Bender*, 127 F.3d at 68; *Twelve John Does*, 117 F.3d at 577.

## 6. The Court Dismisses Count VI Without Prejudice as to All Defendants Under Rule 9(b)

In Count VI of his complaint, the plaintiff claims that the defendants "knowingly and intentionally concealed material information" from him, *id.* ¶ 61, and that they "misrepresented material information" knowing that "their affirmative representations were false, fraudulent, and misrepresented the truth," *id.* ¶ 62. The plaintiff further asserts that the defendants' alleged misrepresentations were "malicious," *id.* ¶ 63, and that he would not have entered into the transaction at issue had he known of the "falsity of [their] representations," *id.* ¶ 64.

Each defendant moves to dismiss this count, arguing that the plaintiff has not adequately pleaded fraudulent misrepresentation. *See* Option One's Mot. at 7-8; Encore's Mot. at 12-14; Deutsche Bank's Mot. at 6-7. Option One asserts that the plaintiff has not pleaded his fraudulent misrepresentation claim with the requisite particularity because he does not differentiate between the defendants in describing the alleged wrongdoing. *See* Option One's Mot. at 8. Additionally, Option One argues that the plaintiff's complaint focuses on events that took place before Option One became involved with the loan in question. *Id.* Encore argues that the complaint does not meet the heightened pleading requirements for fraud claims because it is too broad, specifically

failing to give the "time, place and content of the alleged misrepresentations." Encore's Mot. at
13. Deutsche Bank and SPS also argue that the complaint lacks the requisite level of
particularity. Deutsche Bank's Mot. at 7. They further assert that they cannot be held liable
under this count because successors-in-interest, as these defendants aver they are with respect to
the original loan transactions, cannot be held liable for fraudulent misrepresentations by their
predecessors. *Id.* Lastly, Deutsche Bank and SPS maintain that the plaintiff's complaint is
deficient in that it fails to plead with particularity how those defendants were involved in making
fraudulent misrepresentations to the plaintiff. *Id.*

  The plaintiff counters that he has pleaded fraud with sufficient particularity to put the
defendants on notice. *See* Pl.'s Opp'n to Option One's Mot. at 3; Pl.'s Opp'n to Encore's Mot. at
7; Pl.'s Opp'n to Deutsche Bank's Mot. at 7-8. Alternatively, he claims that he sent the
defendants a "Qualified Written Request," to which none of them responded, and that he is
therefore "at a disadvantage in providing . . . the particulars of the [defendants'] fraudulent
scheme." Pl.'s Opp'n to Option One's Mot. at 3; Pl.'s Opp'n to Deutsche Bank's Mot. at 7. He
further argues that in situations in which the party against whom the fraud is being alleged is in
control of the documents that would support those claims, the pleading requirements of Rule 9(b)
should be relaxed. *See* Pl.'s Opp'n to Option One's Mot. at 3; Pl.'s Opp'n to Encore's Mot. at 6-
7; Pl.'s Opp'n to Deutsche Bank's Mot. at 7-8. The plaintiff also disagrees with Option One and
Deutsche Bank's position that they cannot be held liable as successors-in-interest, arguing that all
of the defendants "unfairly benefited from the origination, servicing and collateralization of the
subject loan." Pl.'s Opp'n to Option One's Mot. at 3; Pl.'s Opp'n to Deutsche Bank's Mot. at 8.
The plaintiff requests that he be afforded discovery to uncover the extent of the fraud that the

defendants allegedly perpetrated on him.  *See* Pl.'s Opp'n to Option One's Mot. at 4; Pl.'s Opp'n

to Deutsche Bank's Mot. at 8.

Rule 9(b) requires that a claimant state with particularity the circumstances constituting

fraud or mistake.  FED. R. CIV. P. 9(b).  Rule 9(b)'s particularity requirement ensures that the

opponent has notice of the claim, prevents attacks on his reputation where the claim for fraud is

unsubstantiated and protects him against a strike suit brought solely for its settlement value.

*Shields v. Wash. Bancorporation*, 1992 WL 88004, at *4 (D.D.C. Apr. 7, 1992); *see also Kowal*

*v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) (observing that Rule 9(b) aims

to prevent a claim filed as a "pretext for the discovery of unknown wrongs" (citation omitted)).

The claimant must plead with particularity matters such as the time, place, and content of the

false misrepresentations, the misrepresented fact and what the opponent retained or the claimant

lost as a consequence of the alleged fraud.  *United States ex rel. Totten v. Bombardier Corp.*, 286

F.3d 542, 551-52 (D.C. Cir. 2002); *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385

(D.C. Cir. 1981).  If a pleading does not satisfy the heightened requirements of Rule 9(b), the

court should freely grant leave to amend.  *See Firestone*, 76 F.3d at 1209 (recognizing that courts

almost always grant leave to amend to cure deficiencies in pleading fraud).  Accordingly, the

court should reserve dismissal with prejudice for "extreme situations where the pleader has had

the opportunity to cure any deficiencies but either has not or cannot do so."  *Shields*, 1992 WL

88004, at *5.

The plaintiff has failed to specify which defendant or defendants committed each

allegedly fraudulent act, instead pleading fraud generally as to all of the defendants.  *See* Compl.

¶¶ 60-65.  Such generalized pleading does not conform to the standard set forth in Rule 9(b)

because it fails to give sufficient notice to the defendants as to what their role was in the alleged fraud. *See Vicom, Inc. v. Harbridge Merch. Servs.*, 20 F.3d 771, 778 (7th Cir. 1994) (holding that a complaint was deficient because it failed to "inform each defendant of the nature of his alleged participation in the fraud"). Therefore, the court dismisses without prejudice the plaintiff's fraudulent misrepresentation claim.

### 7. The Court Dismisses Count VII as to Option One, Deutsche Bank and SPS Under Rule 12(b)(6)

In Count VII of his complaint, the plaintiff claims that the defendants breached their fiduciary duties to him by allowing him to enter into a loan transaction that was adverse to his interests. *See* Compl. ¶¶ 67-70. Option One, Deutsche Bank and SPS argue that there does not exist a fiduciary duty in a creditor-debtor relationship.[9] *See* Option One's Mot. at 8-9; Deutsche Bank's Mot. at 8. The plaintiff does not respond to this argument in his oppositions to the defendants' motions to dismiss, and therefore the court treats them as conceded and grants Option One and Deutsche Bank's motions to dismiss Count VII. *See Bender*, 127 F.3d at 68; *Twelve John Does*, 117 F.3d at 577.

### 8. The Court Dismisses Count VIII Under Rule 12(b)(6) as to Encore and Option One Only

In Count VIII of his complaint, the plaintiff claims that he and the defendants were parties to an implied contract that obligated the defendants "to ensure that [the plaintiff] understood all fees which would be paid" to the defendants, as well as "not [to] charge any fees which were not related to the settlement of the loan and without full disclosure" to the plaintiff. Compl. ¶ 72. The plaintiff claims that the defendants were unjustly enriched when they allowed him to enter

---

[9]   Encore does not move to dismiss this count. *See generally* Encore's Mot.

into an "adjustable rate predatory mortgage" contrary to his best interests. *Id.* ¶ 73-75.[10]  Encore, Deutsche Bank and SPS argue that the fact that the plaintiff and the defendants were parties to an express agreement precludes the plaintiff's claim that there is an implied contract.  *See* Encore's Mot. at 14; Deutsche Bank's Mot. at 9.  Deutsche Bank and SPS maintain that they were not "parties to the actual subject settlement," and the plaintiff did not specify how those defendants were unjustly enriched.  Deutsche Bank's Mot. at 9.

The plaintiff responds by asserting that his unjust enrichment claim is proper because he "is seeking relief for the improper actions of the Defendants in originating, servicing and securitizing the loan" rather than attempting to "enforce the loan agreement."  Pl.'s Opp'n to Encore's Mot. at 5; Pl.'s Opp'n to Deutsche Bank's Mot. at 5-6.  Specifically, the plaintiff maintains that the defendants were unjustly enriched because they both foreclosed on his home and benefitted through the "collateralization and sale of the loan note."  Pl.'s Opp'n to Encore's Mot. at 5; Pl.'s Opp'n to Deutsche Bank's Mot. at 6.

Because the property at issue is located in the District of Columbia and the events giving rise to the claim appear to have taken place in the District, the court applies District of Columbia law, *see, e.g.*, *Armenian Assembly of Am., Inc. v. Cafesjian*, 597 F. Supp. 2d 128, 134 n.3 (D.D.C. 2009), which establishes that "there can be no claim for unjust enrichment when an express contract exists between the parties," *Schiff v. Am. Ass'n of Retired Pers.*, 697 A.2d 1193, 1194 n.2 (D.C. 1997) (holding that the plaintiff could not sue AARP under an unjust enrichment theory where he had membership in and purchased health insurance through the organization). The District of Columbia Court of Appeals has explained the rationale for this principal:

---

[10]     Option One does not move to dismiss this count.  *See generally* Option One's Mot.

> When parties enter into a contract[,] they assume certain risks with an expectation
> of a return.  Sometimes, their expectations are not realized, but they discover that
> under the contract they have assumed the risk of having those expectations defeated.
> As a result, they have no remedy under the contract for restoring their expectations.
> In desperation, they turn to quasicontract for recovery.  This the law will not allow.

*Dale Denton Real Estate, Inc. v. Fitzgerald*, 635 A.2d 925, 928 (D.C. 1993) (quoting *Mass*

*Transit Admin. v. Granite Constr. Co.*, 471 A.2d 1121, 1126 (Md. 1984)).  The plaintiff entered

into an express contract with Encore – namely, the loan transaction that is at the heart of this

matter.  *See* Compl. ¶ 9.  Although the plaintiff argues that this principle does not apply here

because he is not attempting to enforce the loan agreement, but rather seeking damages under an

unjust enrichment theory for benefits allegedly obtained through the "collateralization and sale of

the loan note," Pl.'s Opp'n to Encore's Mot. at 5, that does not negate the fact that the alleged

wrong stems from the contract he entered into with the defendant.  Because Option One is the

assignee of the loan, Compl. ¶ 27, that defendant can be sued under a breach of contract theory,

*see, e.g.*, *Franklin Inv. Co. v. Smith*, 383 A.2d 355, 356 (D.C. 1978) (noting that party being sued

was the assignee of installment contract).  As a result, the plaintiff may not sue Option One under

an unjust enrichment theory, *see Brister v. All Star Chevrolet, Inc.*, 986 F. Supp. 1003, 1011

(E.D. La. 1997) (holding that the plaintiffs could not recover under unjust enrichment theory

from assignees of car dealer where there existed express contracts to purchase automobiles),

notwithstanding the fact that Option One did not move to dismiss this claim, *see Baker v. Dir.,*

*U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that it is appropriate to

dismiss *sua sponte* pursuant to Rule 12(b)(6) where "it is patently obvious that [the plaintiff]

could not have prevailed on the facts alleged in [the] complaint").

In contrast, the complaint does not state that Deutsche Bank and SPS are assignees of the original loan entered into between the plaintiff and Encore.  *See generally* Compl.  Because it is unclear from the face of the complaint whether Deutsche Bank and SPS are assignees of Encore and therefore amenable to suit under a breach of contract theory, the court does not dismiss the unjust enrichment claim as to those defendants.  Therefore, the court dismisses Count VIII as to Encore and Option One but denies the motion to dismiss as to Deutsche Bank and SPS.

### 9.  The Court Denies Deutsche Bank and SPS's Motion to Dismiss Count IX

In Count IX of his complaint, the plaintiff alleges civil conspiracy against the defendants. *See* Compl. ¶ 78-80.[11]  Deutsche Bank and SPS argue that civil conspiracy alone is not an actionable claim.  *See* Deutsche Bank's Mot. at 10.  The plaintiff responds that the underlying claims on which his civil conspiracy claim rests are those in the complaint.  *See* Pl.'s Opp'n to Deutsche Bank's Mot. at 6.

"Under both federal and District of Columbia law, civil conspiracy is not actionable in and of itself."  *Riddell v. Riddell Wash. Corp.*, 866 F.2d 1480, 1493 (D.C. Cir. 1989); *see also Halberstam v. Welch*, 705 F.2d 472, 479 (D.C. Cir. 1983) (noting that an "agreement can only lead to liability if an act pursuant to it causes injury").  But because counts remain as to every defendant, *see supra* Part III.C, the plaintiff may proceed on his civil conspiracy claim. Therefore, the court declines to dismiss this count.

---

[11]     Option One and Encore do not move to dismiss this count.  *See generally* Option One's Mot.; Encore's Mot.

## IV.  CONCLUSION

For the foregoing reasons, this court dismisses Counts I through IV and Counts VI through VIII as to Option One, Counts  I through VI and Count VIII as to Encore and Counts I through VII as to Deutsche Bank and SPS.[12]  Counts V and IX remain as to Option One, Counts VII and IX remain as to Encore and Counts VIII and IX remain as to Deutsche Bank and SPS. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 23rd day of September, 2009.


RICARDO M. URBINA
United States District Judge

---

[12]	Count VI is dismissed without prejudice.